PER CURIAM.
 

 This is an appeal from a judgment convicting the appellant, Wade McClanahan, of the crime of theft of a welding machine valued at $650.00, La.R.S. 14:67, and fixing his sentence at three years confinement in the East Baton Rouge Parish jail. Appellant reserved and perfected two bills of exceptions on which he relies to reverse his conviction.
 

 The first bill of exceptions was reserved to the overruling by the trial court of the defendant’s motion for a new trial. The motion for a new trial alleged that there was no evidence of an essential element of the crime charged, i. e. that the State failed to prove that the taking of the welding machine was without the consent of the owner. The equipment in question at the time of the taking was in the lawful possession of Bagwell & Neal Construction Company, Inc., which had leased the machine from its owner, the E. L. Lester Company.
 

 In cases of theft, proof of ownership of the stolen property is not essential. The state is required to prove only that it belonged to someone other than ’ the accused. State v. Morales, 256 La. 940, 240
 
 *141
 
 So.2d 714 (1970); State v. Leierer, 242 La. 961, 140 So.2d 375 (1962); State v. Blankenship, 231 La. 993, 93 So.2d 533 (1957).
 

 The defendant’s main contention is that lack of consent by the owner (E. L. Lester Company) to the taking was not proven. Although the counsel suggests the owner may have given consent to the taking, even though not legally entitled to do so, there is no evidence to this effect in the record.
 

 The crime of theft with which the defendant here was charged is defined by La. R.S. 14:67 as “* * * the misappropriation or taking of anything of value which belongs to
 
 another
 
 * * * ” (Emphasis supplied) La.R.S. 14:2, “Definitions” says that “another” refers to “ * * * any other person or legal entity ' * *
 

 As this Court emphasized long ago in State v. Lewis, 49 La.Ann. 1208, 1209, 22 So. 327 (1897), “this is not a new question. * * * the law may be considered settled that in a crminal prosecution for larceny it is sufficient to lay the title of the property stolen in the ostensible or apparent owner thereof. * * * ‘The
 
 felonious
 
 taking, more than the
 
 perfect title
 
 of the alleged owner, forms the essence of the issue presented to the jury’ * * * ” See also 1 Marr’s Criminal Jurisprudence, sec. 168, p. 273: “Thus, ownership may be laid- in the lessee where property is stolen from the leased premises.”
 

 Bagwell & Neal Construction Company, Inc., as lessee, had the right of possession under Louisiana Law (La.C.C. art. 2692) and when the defendant deprived the lawful possessor of the welding machine, there was a misappropriation. The record is replete with testimony of employees of the lessee that the equipment was taken without the consent of the company.
 

 When the defendant sold the machine he satisfied the requirement of intending “to deprive the other permanently” of the subject misappropriated.
 

 We find the trial court correctly denied the motion for a new trial.
 

 Counsel for the defendant does not discuss his second bill of exceptions in his brief, consequently we may consider that he has abandoned this bill of exceptions. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972); State v. Minor, 241 La. 339, 129 So.2d 10 (1961), and the cases cited therein.
 

 An additional argument advanced by the defendant in his, brief as an error discoverable in the proceedings and pleadings, is that he was denied credit for time served upon sentencing by the trial judge. Our consideration of this allegation reveals that, on the defendant’s *own motion, a Federal court order .placed him “in protective custody of the U. S. Marshall.”
 
 *143
 
 The trial court judge did give the defendant credit for all time served prior to sentence. La.C.Cr.P. art. 880, as amended, Acts 1970, No. 285, sec. 1. The defendant then requested, but was denied, credit for time to be spent in Federal custody. The only thing the codal article 880 requires is that the defendant' be given credit for time spent in actual custody “prior to the imposition of sentence.” We find there was no error in the trial court’s denial of the defendant’s request.
 

 For these reasons, the conviction and sentence are affirmed.