519 So.2d 174 (1987)
STATE of Louisiana
v.
Do V. DOAN.
No. KA-7612.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1987.
*175 Harry F. Connick, Dist. Atty., Michael McMahon, Asst. Dist. Atty., New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT, BARRY and BYRNES, JJ.
BARRY, Judge.
The defendant was charged with four counts of armed robbery, La.R.S. 14:64, along with co-defendants An N. Dang and Dung Nguyen who pleaded guilty. He was convicted on all counts and his motion for a post verdict judgment of acquittal as to counts three and four (relating to the armed robbery of Thanh Tran and Vai Tran[1]) was denied. He was sentenced to thirteen years at hard labor without benefit of parole, the sentences to run concurrently.
On the night of January 30, 1985 about 10:30 p.m. the Tran family was home with Binh Tran sitting on a sofa watching television and his wife, Vai Tran, was in their bedroom. Their teenage daughter Hang was in bed in her bedroom and their granddaughter, Thanh (Hang's niece) was asleep in her bedroom.
Mr. Tran testified that the defendant and three other young Vietnamese men with guns broke through the front door and the defendant pistol whipped him in the head. His wallet, a camera and $300.00 were stolen and he was tied up and placed in the bathroom. Mrs. Tran stated she was hit in the head and knocked out. Hang testified that she heard her father scream and then one of the men (not the defendant) pulled her from bed and brought her to the bathroom. Her gold necklace was pulled from her neck and she was asked where the money was and threatened with rape if she did not give the information.
Hang got keys from her mother's room and led the robbers to a locked air conditioning vent where her mother's purse with $300.00 was kept. That money was from a laundromat owned by Hang's sister and given to the Trans nightly. Hang was also tied up and put into the bathroom. Loan Tran, another daughter who lived next door, testified she saw the robbers enter her parents' home and four of them leave carrying a camera and a brown bag.
After the robbers left Hang freed herself and her father, the police were called, and the robbers' descriptions were broadcasted. The four suspects and four other young Vietnamese males were arrested on February 5, 1985 by a Houston, Texas policeman pursuant to an investigatory stop. Photos of the eight Vietnamese were admitted into evidence along with six photos of guns found in their van. During a photo lineup prior to trial Hang identified the four robbers and Mr. Tran picked out the defendant's photo as the man who struck him. Both positively identified the defendant at trial.
The defendant denied committing the robbery. Codefendant Dung Nguyen (who pleaded guilty) testified that he and three others robbed the Tran family, but the defendant was not involved.
The defendant's one assignment of error claims there is insufficient evidence to convict on two of the four amended counts. Count one is the armed robbery of Mr. Binh Tran of currency and a wallet with its *176 contents. The second count relates to the robbery of Hang Tran of currency and jewelry. Count three is the robbery of Thanh Tran of currency. The fourth count is the robbery of Mrs. Vai Tran of currency and jewelry.
To convict of armed robbery the State must prove that the defendant (1) took (2) anything of value belonging to another (3) from the person of another or in the immediate control of another (4) by use of force or intimidation (5) while armed with a dangerous weapon. R.S. 14:64; State v. Augustine, 482 So.2d 150 (La.App. 4th Cir.1986). Under La.R.S. 14:24 all persons involved in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid or abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
When reviewing for sufficiency of the evidence, an appellate court must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that all the elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant concedes the evidence supports the guilty verdict on the first and second counts. However, he argues that neither Mrs. Vai Tran nor Thanh Tran had any possessory interest (ownership or bailee) in the camera[2] or money taken.
The requirement that there be property taken "from the person of another" has been broadened to include taking "in the presence of the person." The felonious taking, more than the perfect title of the alleged owner, is the essence of the jury question in robbery cases. State v. Refuge, 300 So.2d 489 (La.1974). See also State v. McClanahan, 262 La. 138, 262 So.2d 499 (1972); State v. Sanford, 446 So.2d 1381 (La.App.1st Cir.1984).
It is sufficient if the property is under the person's control so that, had the victim not been subjected to violence or intimidation by the robber, he could have prevented the taking. State v. Mason, 403 So.2d 701 (La.1981). Property is considered taken from the presence of the victim even if the victim is in one room while valuables located in another room are removed. State v. Verret, 174 La. 1059, 142 So. 688 (1932). See also State v. Baldwin, 388 So.2d 664 (La.1980), cert. denied 449 U.S. 1103, 101 S.Ct. 901, 66 L.Ed.2d 830 (1981); LaFave & Scott, Criminal Law § (1982).
An armed robbery conviction was upheld in State v. Refuge, supra, when the "pot" in a card game was stolen and the victim (present but not a participant) was a partner with the man running the game and had contributed to the pot. In State v. Jacobs, 493 So.2d 766 (La.App.2d Cir.1986), evidence that one of the robbers took the victim's wallet from his pants on a chair in an adjoining room while the victim was awakened in his bedroom, struck on the head and stumbled onto the floor of that room was found sufficient to support an armed robbery conviction.
Hang Tran testified that money was taken from her mother's purse which was locked in the air conditioning vent. The fourth count as to the robbery of Mrs. Vai Tran is supported by that testimony.
The third count relates to the robbery of Thanh who was about ten years old. She testified she was awakened, brought to the bathroom and tied up, but did not know what had been stolen. There was no testimony linking Thanh to the money, camera, wallet, or necklace.
We must conclude there was insufficient evidence, when viewed in the light most favorable to the State, to support a conviction for armed robbery of Thanh Tran. The conviction and sentence on the third count must be reversed.
We have reviewed the record for errors patent and there are none.
The first, second and fourth counts relate to three separate robberies of three *177 different individuals with different objects of value taken at the same location. The three crimes were properly charged in separate bills of information and the defendant received three separate, concurrent sentences. See State v. Davis, 336 So.2d 805 (La.1976). The evidence is sufficient to convict on those counts.
The convictions and sentences on the first, second and fourth counts of armed robbery are affirmed. The conviction and sentence on the third count are reversed.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] The spelling of Thanh Tran and Vai Tran is slightly different in the bills of information. The opinion uses the names as spelled by Thanh Tran and Vai Tran at trial.
[2] The camera is not listed in any of the bills of information.