612 So.2d 986 (1993)
STATE of Louisiana, Appellee,
v.
Lee Arthur PERRY, Appellant.
No. 24432-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
Rehearing Denied February 18, 1993.
*987 Ronald J. Miciotto, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul Carmouche, Dist. Atty., John D. Mosely, Jr., Asst. Dist. Atty., Shreveport, for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
HIGHTOWER, Judge.
In response to a two-count bill of information, the jury found defendant, Lee Arthur Perry, guilty as charged of one armed robbery, LSA-R.S. 14:64, but acquitted him of the other charge.[1] He now appeals, after the trial court imposed a sentence of five years at hard labor to be served without benefit of probation, parole or suspension.
For reasons that follow, we affirm.

Facts
The offense in question occurred March 7, 1991, soon after 3:00 p.m. at the Pel-State Fina station on Hollywood Drive in Shreveport. Shortly following a shift change by the only two employees present, defendant entered the establishment and requested a job application from the supervisor of the store, Grace Cox, who had worked the 5:00 a.m. to 3:00 p.m. stint. As she explained where the required form could be obtained, the offender visibly withdrew the butt of a gun from his pocket, announced his robbery intentions, and ordered that all the money be retrieved from the cash register. Sandra Sullivan, who had just reported for the evening tour of work, thereafter handed the culprit the contents of the register, approximately $20, upon being so instructed by Cox.
The robber then exited the store and departed around the right side of the structure. *988 A few minutes later, when law enforcement officers retraced that route, they discovered near the building a wallet containing defendant's Louisiana driver's license. From his photographic I.D., the two employees immediately identified their malefactor.

Sufficiency of the Evidence

(Who is the Victim?)

(Identification of Offender)
As acknowledged in defendant's brief, all seven of his assignments of error essentially challenge the sufficiency of the evidence to support the conviction.[2] In substance, he argues that Sandra Sullivan is shown to be the victim, contravening the bill of information which named Grace Cox as the person robbed. Stated another way, appellant contends that Cox did not control the cash register when the force or intimidation transpired, and thus had nothing taken from her control or possession as required by the pertinent statute.
The record shows both employees being located behind the counter upon the offender entering the station. Later, as she stood immediately adjacent to the robber, Cox observed the butt of the weapon in his possession and twice heard him say, "Give me the money from the cash register." She then ordered compliance by Sullivan, positioned near the register which had earlier been "turned ... over to" this employee. Although Sullivan never saw the weapon, she noticed that the culprit kept one hand in his pocket during the robbery.
LSA-R.S. 14:64 defines armed robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." In robbery cases, it is the felonious taking that forms the essence of the jury question, more than the perfect title of the alleged owner. State v. Refuge, 300 So.2d 489 (La.1974); State v. Verret, 174 La. 1059, 142 So. 688 (1932); State v. Landry, 557 So.2d 331 (La.App. 3d Cir.1990), writ denied, 561 So.2d 114 (La.1990); State v. Doan, 519 So.2d 174 (La.App. 4th Cir.1987).
Thus, under the circumstances before us, it is the victim's greater possessory interest in the property stolen, vis-a-vis the accused, that is essential in proving the crime. See State v. Laird, 548 So.2d 373 (La.App. 3d Cir.1989), writ denied, 556 So.2d 54 (La.1990); State v. Sanford, 446 So.2d 1381 (La.App. 1st Cir.1984).[3] Clearly, the evidence discloses Cox having a far greater right, than did the robber, to possess or control the cash register contents. Defendant's argument in this regard is, therefore, without merit.
When shown the photographic I.D. by law enforcement officers approximately thirty minutes subsequent to the crime, Cox positively identified the individual pictured on the license, Perry, as the robber. Furthermore, at trial she testified to recognizing defendant as a patron who, the previous day, entered the business asking for a Thrifty Nickel, a free classified advertising publication.
The testimony of Sandra Sullivan substantially corroborates the version of events related by Cox. She too recognized defendant as a prior customer of the establishment, and additionally stated that he insisted upon talking with Cox in reference to the job application form. Sullivan also identified the person whose likeness appeared on the license as the robber. Subsequently, she picked defendant from a photographic *989 lineup.[4]
The criteria for evaluating sufficiency of evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Lard, 568 So.2d 629 (La.App. 2d Cir.1990). That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Combs, 600 So.2d 751 (La. App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
It is not the function of an appellate court to reevaluate credibility of witnesses and then proceed to overturn factual determinations of guilt. LSA-Const. Art. 5, § 5(C); State v. Richardson, 425 So.2d 1228 (La.1983); State v. Lard, supra. It is the province of the jury, not the appellate court, to assess credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La. 1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Lard, supra; State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient support for the requisite factual conclusion. State v. Reaves, 569 So.2d 650 (La. App. 2d Cir.1990), writ denied, 576 So.2d 25 (La.1991); State v. Shepherd, supra; State v. Emerick, 499 So.2d 195 (La.App. 2d Cir. 1986).
Comparing the testimony of the two employees, a rational juror easily could conclude beyond a reasonable doubt that Perry committed the crime of armed robbery against Cox. Both women testified to positively identifying defendant as the gunman immediately subsequent to the incident, and Sullivan additionally selected him from a photographic lineup. Moreover, as previously noted, Cox's right to possess the stolen property clearly exceeded defendant's, thus satisfying the pertinent statutory requisites. See State v. Laird, supra; State v. Sanford, supra. Indeed, a contrary result would thwart the nontechnical approach sought through the broad definitions employed in our Criminal Code. See generally Bennett, Work of Appellate Courts for the 1974-1975 Term, "Criminal Law," 36 La.L.Rev. 502, 508-510 (1975), discussing practical constructions of key phrases in the armed robbery statute.
These assignments lack merit.

Error Patent
Defendant finally directs our attention to an alleged error patent on the face of the record. The minute entry and transcript disclose that the jury found defendant guilty of the armed robbery of Grace Cox, listed as Count No. 2 on the bill of information, and not guilty of an identical charge regarding Cheri Wilder, identified as the victim in Count No. 1. Upon reviewing the record, however, the two completed verdict forms submitted by the jury foreman seemingly reflect reverse results. The inscriptions appear on the back of the last page of each two-page listing of responsive verdicts supplied as to each count. See LSA-C.Cr.P. Art. 809, requiring such a written list for use during deliberations.
Nonetheless, we do not find the matter impressive. Upon the clerk reading the verdicts of not guilty of Count No. 1 and guilty of Count No. 2, the jurors acknowledged their decision as follows:
THE CLERK: Ladies and gentlemen, you will listen to your verdict. As to count number one, armed robbery upon Cheri Wilder, we the jury find the defendant, Lee Arthur Perry, not guilty, February *990 27, 1991. Don Lake, foreman. Ladies and gentlemen, is this your verdict as to count number one?
THE JURORS: Yes, it is.
THE CLERK: As to count number two, armed robbery upon Grace Cox, we the jury find the defendant, Lee Arthur Perry, guilty as charged of armed robbery, February 27, 1992, Don Lake, foreman. Ladies and gentlemen, is this your verdict as to count number two?
THE JURORS: Yes, it is.
THE COURT: Is there a request for polling of the jury?
[Defense counsel]: No, sir.
THE COURT: Any requests?
[Prosecutor]: No sir.
Apparently, the last pages of the two verdict forms inadvertently later became switched. In any event, it is quite obvious that all parties involved, including the clerk, the jury, the judge, the district attorney and defense counsel, well understood that appellant had been convicted of count number two, not count number one.
It is settled that even where there is a discrepancy between the minute entry and the transcript, the latter must prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Sharkey, 602 So.2d 249 (La.App. 2d Cir.1992). Here, of course, both are consistent. We accordingly hold that the minute entry and transcript control, rather than the divergent verdict inscription.

Conclusion
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before LINDSAY, HIGHTOWER, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.
NOTES
[1] The other count charged defendant with armed robbery of a Cheri Wilder, allegedly committed two days before the offense at hand.
[2] Part of one assignment also concerns the state's alleged failure to authenticate properly the wallet introduced into evidence. However, with no argument appearing in defendant's brief on the subject, we consider the contention abandoned. URCA 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990).
[3] Cf. also State v. Johnson, 411 So.2d 439 (La. 1982); State v. Mason, 403 So.2d 701 (La.1981); State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir. 1986); State v. Landry, supra; State v. Doan, supra, all indicating that if the victim could have prevented the taking, save for being subjected to force or intimidation by the robber, sufficient control is evinced.
[4] Defendant also asserts that the two key prosecution witnesses testified inconsistently with the incident reports prepared by Corporal William Townley and Detective Gary Lindsey. Although the police documents related that Cox removed the money from the register, both she and Sullivan emphatically denied so describing the robbery.