I,STEWART, J.
The defendant, Cedric Bennett (“Bennett”), was convicted of possession with intent to distribute a Schedule II CDS, marijuana, and sentenced to serve eight years at hard labor, to run consecutively with any other sentence. The defendant now appeals. For the reasons that follow, we affirm the defendant’s conviction and remand for resentencing in accordance with this opinion.
PACTS
On March 18, 2002, Sergeant Don Campbell was traveling down Interstate-20 in Bossier City, Louisiana, at the Old Minden Road exit when' he was passed by a black SUV which appeared to be speeding. Sergeant Campbell clocked the vehicle at 75 miles per hour in a 60 mile per hour zone. Sergeant Campbell then conducted a traffic stop. He advised the driver, Vivian Lethridge (“Lethridge”), of the speeding violation. Lethridge explained that she was speeding because of the big trucks on the road. While standing by the opened passenger window, Sergeant Campbell noticed an odor of marijuana coming from inside the vehicle and noticed that the passenger was nervous. Sergeant Campbell asked the passenger for his identification. The passenger initially identified himself as Cedric Atchinson; however, when Sergeant Campbell went to verify this information, he was informed that there was no record of anyone by that name. Sergeant Campbell became more suspicious of the unidentified passenger who was still acting nervously. The passenger’s nervousness combined with the marijuana smell coming from the vehicle prompted the officer to ask Lethridge for consent to search her vehicle. After obtaining _j£Consent to search, Campbell seized nineteen bags of marijuana weighing 17.2 pounds from the rear cargo area of the vehicle. Both Lethridge and the passenger, later identified as Cedric Bennett, were placed under arrest. As they were placed into custody, Bennett screamed to Lethridge, “keep your mouth shut, don’t say nothing!” Lethridge told police officers that Bennett was going to pay her $1,000.00 to drive him to Mississippi to sell his marijuana and that she expected to be paid from the proceeds of the sale. Lethridge testified at trial against Bennett about his knowledge of the marijuana in her vehicle and that the drugs belonged to Bennett. Following the trial, Bennett was found guilty of possession of marijuana with the intent to distribute.
DISCUSSION

Sufficiency of Evidence

The criterion for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational fact-trier could find that the state proved *168 all elements of the crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Clower, 30,745 (La.App.2d Cir.06/24/98), 715 So.2d 101. That standard, initially enunciated in Jackson and now legislatively embodied within La. C.Cr.P. art. 821, is applicable in eases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Perry, 612 So.2d 986 (La. App. 2d Cir.1993).
| aCircumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Anderson, 36,969 (La.App.2d Cir.4/9/03), 842 So.2d 1222. For circumstantial evidence to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
To be guilty of possession of a controlled dangerous substance, one need not actually possess the contraband; constructive possession is sufficient to convict. Constructive possession means having an object subject to one’s dominion and control, with knowledge of its presence, even though it is not in one’s physical possession. State v. White, 37,261 (La.App.2d Cir.6/25/03), 850 So.2d 987.
A determination of whether there is “possession” sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. State v. Toups, 2001-1875 (La.10/15/02), 833 So.2d 910.
It is always the function of the jury to assess the credibility of witnesses and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir. 1992), twit denied, 617 So.2d 905 (La. 1993). Where the trier of fact has made a rational determination, an appellate court Lshould not disturb it. Indeed, in the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. State v. Clower, supra; State v. Thomas, supra; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
We find that the evidence presented was sufficient to convince a reasonable jury that Cedric Bennett had possession of nineteen plastic bags of marijuana weighing 17.2 pounds found in the rear cargo area of Lethridge’s vehicle. Lethridge’s testimony certainly provided a reasonable basis upon which the jury could conclude that Bennett had “dominion and control” over the marijuana in her vehicle.
Lethridge testified that Bennett paid her $1,000.00 to drive him to Mississippi to sell marijuana. She stated that she needed the money to catch up her mortgage payments. Her uncontroverted testimony demonstrates that she knew nothing more about the drug transaction than the fact that she was to drive Bennett and get paid for her services. The jury’s decision to believe Lethridge’s version of the facts surrounding the events of this case is a credibility determination that this court will not disturb.

Ineffective Assistance of Counsell Illegal Arrest

The defendant also raises issues of ineffective assistance of counsel and ille *169 gal arrest. However, we find no merit in either argument. Bennett claims he received ineffective assistance of counsel because his attorney did not file a motion to suppress the marijuana seized at the scene of the traffic 1 Rstop. In the instant case, a motion to suppress would not have changed the outcome because Lethridge gave her consent to have her vehicle searched following a legal traffic stop for speeding. The jury obviously believed Lethridge’s testimony concerning her involvement in the crime and that the marijuana belonged to Bennett.
Similarly, the arrest was not illegal as it was made following a search of the vehicle that was consented to by the owner of the vehicle. Moreover, Bennett acted nervously throughout the legal traffic stop and shouted to Lethridge to “keep your mouth shut, don’t say nothing,” as they were being arrested. The jury could reasonably determine that this action showed a guilty knowledge of the existence of the marijuana. These assignments of error are without merit.

Sentencing Error

Our review of the record reveals that the trial court failed to order “at least” the first five years to be served without benefits, in accordance with La. R.S. 40:966 B(2), in effect on the date of the offense (March 18, 2002).
When a district court fails to order service of sentence without benefits in a case in which an indeterminate time period to be so served is mandated by the statute of conviction, it is necessary for the appellate court to remand the matter to the trial court for re-sentencing. La. R.S. 15:301.1(A). State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. Although a criminal defendant has the constitutional right to have his conviction reviewed to insure that the State proved his guilt beyond a reasonable doubt,' it is nonetheless well established that a defendant in a criminal case does not 1 (¡have a constitutional or statutory right to an illegal sentence. State v. Williams, supra. When an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant’s constitutional rights. Simply stated, when a court complies with a nondiscretionary sentencing requirement, i.e., a mandatory minimum term or special parole provision(s), no due process violation is implicated because neither actual retaliation nor vindictiveness exists. State v. Williams, supra.
CONCLUSION
As such, we find that the evidence was sufficient for a reasonable jury to find the defendant guilty of possession of marijuana with intent to distribute; therefore we affirm his conviction. However, we find that the defendant received an illegally lenient sentence and remand this matter to the trial court for resentencing consistent with the ideas expressed in this opinion.
AFFIRMED IN PART AND REMANDED.