STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 04-1588

STATE OF LOUISIANA

VERSUS

KELVIN RUBIN

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-K2427D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
James T. Genovese, Judges.

**CONVICTION AND SENTENCE VACATED
AND ACQUITTAL ENTERED OF RECORD.**


Earl B. Taylor
District Attorney, 27th J.D.C.
P. O. Drawer 1968
Opelousas, LA 70571-1968
(337) 948-3041
Counsel for Plaintiff Appellee, State of Louisiana

Edward Kelly Bauman
La Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
(337) 491-0570
Counsel for Defendant Appellant, Kelvin Rubin

Alisa Ardoin Gothreaux
Asst. District Atty. 27th JDC
P. O. Drawer 1968
Opelousas, LA 70571-1968
(337) 948-3041
Counsel for Plaintiff Appellee, State of Louisiana

Kelvin Rubin
St. Landry Parish Prison
P. O. Box 1029
Opelousas, LA 70570

**PAINTER, J.**

Following trial by jury, Defendant, Kelvin Rubin, was convicted of simple robbery. He was sentenced to serve two years in the parish jail, to pay a fine of $500 or serve thirty (30) days in jail, and to pay costs of $250.00. Defendant appeals, raising the following assignments of error: (1) the evidence presented at trial was insufficient to sustain a conviction of simple robbery; and (2) the sentence imposed was excessive, or alternatively, Defendant's trial attorney provided ineffective assistance of counsel by failing to file a Motion to Reconsider Sentence. Viewing the evidence in the light most favorable to the State, this court finds the evidence to be insufficient to uphold the Defendant's conviction for simple robbery. Therefore, the conviction and sentence are vacated and an acquittal is entered of record.

## FACTUAL AND PROCEDURAL BACKGROUND

In December of 2001, Defendant, Kelvin Rubin, was living with Crystal Boudreaux. He proposed marriage and gave her a ring. Several months later, that ring broke and Defendant gave her a second ring. The marriage, however, did not take place and Defendant and Ms. Boudreaux ended their relationship.

On the morning of June 6, 2003, Defendant allegedly entered Ms. Boudreaux's home and forcibly removed the rings from her fingers and left the home. Thereafter, on December 3, 2003, Defendant was charged by bill of information with simple robbery, a violation of La.R.S. 14:65; with unauthorized entry of an inhabited dwelling, a violation of La.R.S. 14:62.3; and with simple battery, a violation of La.R.S. 14:35. Defendant plead not guilty and the matter proceeded to trial by jury. On April 19, 2004, the jury convicted Defendant of simple robbery and acquitted him of unauthorized entry of an inhabited dwelling.[1] Defendant was sentenced to serve

---

[1]Defendant was not tried on the charge of simple battery.

1

two years in the parish jail, with credit for time served; to pay a fine of $500.00 or serve thirty (30) days in the parish jail; and to pay $250.00 for the cost of prosecution. Defendant now appeals his conviction, alleging that there was insufficient evidence to sustain a conviction of simple robbery and that his sentence was excessive, or in the alternative, that his trial attorney provided ineffective assistance of counsel by failing to file a Motion to Reconsider Sentence.

**DISCUSSION**

Defendant asserts that the evidence, when viewed in the light most favorable to the prosecution, was not sufficient to sustain a conviction for simple robbery. Specifically, Defendant argues that the State failed to prove all of the elements necessary for the offense of simple robbery. We agree.

In *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 09/30/98), 720 So.2d 724 at 726-27, this court held:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981).

In order to convict, the State must prove all of the elements of the charged offense beyond a reasonable doubt. La.R.S. 14:65(A) defines simple robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." Under that article, a conviction of simple robbery requires proof beyond a reasonable doubt that the defendant took something of value, which belonged to another, from the person of another, by use of force or intimidation, but without being armed with a dangerous weapon.

2

Here, Defendant argues that the State failed to prove that the rings, the things of value, belonged to another person. Defendant and Ms. Boudreaux, from whom he is charged with taking the rings, were engaged to be married. Defendant gave the first ring to her when he proposed marriage in December of 2001. When the top part of that ring broke, Defendant gave Ms. Boudreaux the second ring. At the time he gave her the second ring, they were still contemplating marriage. However, approximately five to six months after Defendant gave Ms. Boudreaux the second ring, they ended their relationship.

Louisiana Civil Code Article 1740 provides that "[e]very donation made in favor of marriage falls, if the marriage does not take place." Defendant now argues, as he did at trial, that pursuant to La.Civ.Code art. 1740, the rings belonged to him at the time he took them from Ms. Boudreaux because the marriage did not take place.

We agree with the fourth circuit's holding that under La.Civ.Code art. 1740, the donation of an engagement ring in consideration of marriage is void if that marriage does not take place. *Glass v. Wiltz*, 551 So.2d 32 (La.App. 4 Cir.), *writ denied*, 552 So.2d 400 (La.1989). The fourth circuit also recognized that even an initial refusal by the donor to accept the return of an engagement ring does not convert that ring into a gift when such refusal was based on the donor's belief that the engagement had not yet ended. *Daigle v. Fournet*, 141 So.2d 406 (La.App. 4 Cir. 1962).

In this case, it is not disputed that Defendant and Ms. Boudreaux had been engaged to be married and that the rings had been given to her in conjunction with their discussion of marriage. By application of La.Civ.Code art. 1740, the donation of the rings was void when the engagement ended and, at that point, Defendant was entitled to return of the rings.

3

Defendant argues that the gift was voided by the break-up of the relationship and that he was owner of the rings at the time he took them from Ms. Boudreaux. He further argues therefore, that because the gift was void, and the rings belonged to him, the State failed to prove the element of simple robbery requiring that the things of value taken belonged to another. We agree.

In *State v. Laird*, 548 So.2d 373, 376 (La.App. 3 Cir. 1989), *wit denied*, 556 So.2d 54 (La.1990), a case involving the same issue in an armed robbery context, this court held:

> In prosecutions for armed robbery, it is not essential that the property taken was owned by the victim; it is only essential that the accused was not the owner and the victim had a greater right to possession of the property at the time of the taking than did the accused. *State v. McClanahan*, 262 La. 138, 262 So.2d 499 (1972); *State v. Sanford*, 446 So.2d 1381 (La.App. 1 Cir. 1984).

In the instant case, the essential requirement that Defendant was not the owner of the property was not proven by the State. Rather, Defendant was entitled to the return of the rings at the time of the alleged offense. The State failed to prove that Defendant was not the owner and that Ms. Boudreaux had a greater right to possession of the rings. Thus, this court finds that the evidence, even when viewed in the light most favorable to the prosecution, does not prove all of the elements required for a conviction of simple robbery. The evidence was, therefore, insufficient to sustain the Defendant's conviction for simple robbery.

Because this court finds that there was insufficient evidence to sustain a conviction of simple robbery and vacates the conviction and sentence, we need not consider Defendant's second assignment of error concerning excessive sentencing.

**DECREE**

For the foregoing reasons, viewing the evidence in the light most favorable to the State, we find that the evidence is insufficient to uphold the Defendant's simple

4

robbery conviction.  Accordingly, we vacate the conviction and sentence and order an acquittal be entered of record.

**CONVICTION AND SENTENCE VACATED AND ACQUITTAL ENTERED OF RECORD.**