PITMAN, J.
Defendant Andrew J. Metoyer was convicted of attempted second degree murder in violation of La. R.S. 14:27 and 14:30.1 and armed robbery in violation of La. R.S. 14:64. He was sentenced to 35 years' imprisonment on the conviction for attempted second degree murder and 35 years' imprisonment on the conviction for armed robbery, to be served concurrently with each other. Defendant appeals, arguing that the evidence was insufficient to convict him of armed robbery. For the following reasons, Defendant's convictions and sentences are affirmed.
FACTS
On May 24, 2017, in Caddo Parish, Defendant shot Jereme Banks nine times and stole his vehicle. He was charged by bill of information with the attempted second degree murder of Jereme Banks and with armed robbery. A bench trial commenced on May 21, 2018.
Banks testified that he had known Defendant for approximately 15 years and described their relationship as a friendship. He stated that Defendant had moved back to the Shreveport area about a month before the shooting. Defendant would come to his house every day, but he eventually got a "weird feeling" from him and asked him to stay away. He stated that he told Defendant, "[You] need to go and meet yourself in Brentwood."[1] He also contacted Defendant's father and told him that his son needed to be admitted to Brentwood. He described an incident that occurred three to four weeks before the shooting. He stated that Defendant came to his house at 3:00 or 4:00 a.m., pounded on the door for quite a while and, when he asked what he wanted, Defendant asked to use the restroom. He testified that, *945 after that incident, he asked Defendant to stop coming to his house.
Banks further testified that he was at the Texaco station on the corner of Jewella Avenue and Milam St. around 11:00 a.m. on May 24, 2017, checking the fluids under the hood of his car, when Defendant approached him. He stated that although Defendant was speaking, he could not understand what Defendant was saying. Banks recalled that, when he saw Defendant approaching within a few feet, he said, "Whoa," and took two steps away. Defendant then pulled out a gun from under his left arm and shot him several times. The first shot hit him in the leg and shattered his femur so that he could not move. He fell down and Defendant continued to shoot him. He stated that Defendant continued speaking, but that he does not recall what he was saying. He testified that he begged Defendant not to kill him, but Defendant pointed the gun at his head and pulled the trigger again, but the gun did not fire, presumably, because it was empty, all rounds having been fired. He stated that Defendant got into his (Banks's) vehicle and drove off, striking him with the vehicle as he left.
Following the shooting, Banks was transported to University Health Hospital, where he spoke to Detective Sherita Holden and identified Defendant as the shooter. He testified that he was shot nine times and sustained a broken right femur and a collapsed right lung. He underwent four surgeries and was treated in the ICU for approximately two weeks.
Witnesses TeJana Taylor, Alexis Cooper, Camino Cato and Shamia Taylor testified that they were all riding in TeJana's vehicle when they drove by the Texaco station and heard shots. They slowed down and saw a person shoot Banks, get into Banks's vehicle and drive off with the hood still up. The driver passed them on the inside lane of traffic. They followed him for a short while, but then returned to the Texaco station and remained there until the police came. They could not testify as to anything that was said between the two men since they were in their vehicle on the street, and they did not know the identity of either Defendant or Banks.
Corporal Tyiesha Robinson of the Shreveport Police Department testified that she responded to the Texaco station at approximately 11:25 a.m. on May 24, 2017. She spoke to Banks, who was able to provide a description of his missing vehicle. Sergeant Tracy Mendels of the Shreveport Police Department Crime Scene Unit testified that she also responded to the Texaco station at approximately noon. She gathered five .40 caliber shell casings and one projectile. She stated that she photographed an LG phone, a gas can and a funnel on site, as well as divots in the pavement from the projectiles striking the ground.
Corporal Betsy Huey of the Shreveport Police Department testified that she responded to 3418 Bellaire Avenue on May 24, 2017, where Banks's vehicle had been located, which is approximately two blocks away from the Texaco station. She identified State's Exhibits 16 and 17 as photographs of Banks's vehicle at that residence with the hood propped open. The vehicle was towed to the Shreveport Police Department. She also recovered security surveillance footage from the Texaco station, identified as State's Exhibit 18. The footage from Camera 13 showed Banks lying on the ground after the shooting and Defendant going through his clothing, as if checking for something.
Defendant was found guilty as charged. A motion for post-verdict judgment of acquittal was denied on June 14, 2018, and Defendant was sentenced to 35 years' imprisonment on the conviction for attempted *946 second degree murder and 35 years' imprisonment on the conviction for armed robbery, to be served concurrently with each other. A motion to reconsider sentence was denied on July 19, 2018. This appeal followed.
DISCUSSION
Defendant argues that the evidence introduced at trial was insufficient to prove all of the elements of armed robbery beyond a reasonable doubt. He asserts that there was no evidence that he asked for, or demanded, any property from Banks. He claims that because the vehicle was found only one to two blocks from the scene of the shooting, it could have been taken as a second thought after the shooting or as a means of escape. He further argues that there was no evidence that anything was taken from Banks through the use of force or intimidation. He contends that the evidence presented at trial established at least one reasonable theory which should have precluded the trial court from finding him guilty of armed robbery.
In response, the state argues that the evidence presented at trial clearly proved that Defendant took Banks's vehicle by force or intimidation while armed with a handgun. It asserts that jurisprudence does not require that the perpetrator of an armed robbery verbally request the property from the victim, but only that the property be taken from the victim's presence by intimidation with a weapon. It contends that, in the case at bar, the evidence showed that Defendant stole Banks's vehicle by disabling him with nine gunshot wounds so that he had no ability to prevent the robbery.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; State v. Tate , 01-1658 (La. 5/20/03), 851 So.2d 921, cert. denied , 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004) ; State v. Bass , 51,411 (La. App. 2 Cir. 6/21/17), 223 So.3d 1242, writ not cons. , 18-0296 (La. 4/16/18), 239 So.3d 830. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford , 05-0477 (La. 2/22/06), 922 So.2d 517 ; State v. Dotie , 43,819 (La. App. 2 Cir. 1/14/09), 1 So.3d 833, writ denied , 09-0310 (La. 11/6/09), 21 So.3d 297.
The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. State v. Casey , 99-0023 (La. 1/26/00), 775 So.2d 1022, cert. denied , 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Robinson , 50,643 (La. App. 2 Cir. 6/22/16), 197 So.3d 717, writ denied , 16-1479 (La. 5/19/17), 221 So.3d 78 ; State v. Gullette , 43,032 (La. App. 2 Cir. 2/13/08), 975 So.2d 753. A reviewing court may not impinge on the fact finder's discretion unless it is necessary to guarantee the fundamental due process of law. Id. The appellate court does not assess credibility or reweigh the evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442.
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La. R.S. 14:64. To convict a defendant of armed robbery, the *947 state is required to prove: (1) a taking (2) of anything of value (3) from the person or in the immediate control of another (4) by the use or force of intimidation (5) while armed with a dangerous weapon. State v. Robinson , supra .
In State v. Long , 36,167 (La. App. 2 Cir. 10/30/02), 830 So.2d 552, this court explained:
If property is taken from the victim's presence by intimidation with a weapon, it is sufficient to sustain a conviction for armed robbery. State v. Refuge , 300 So.2d 489 (La. 1974) ; State v. Toney , 26,711 (La. App. 2d Cir. 3/1/95), 651 So.2d 387. To establish robbery, the property must be sufficiently under the victim's control that, absent violence or intimidation, the victim could have prevented the taking. State v. Thomas , 447 So.2d 1053 (La. 1984) ; State v. Toney, supra ; State v. Doan , 519 So.2d 174 (La. App. 4th Cir. 1987), writ denied , 532 So.2d 145 (La. 1988).
See also State v. Broussard , 49,240 (La. App. 2 Cir. 10/1/14), 149 So.3d 446, writ denied , 14-2308 (La. 1/15/16), 184 So.3d 702 (although defendant did not take property directly from victims, it was sufficient that the property taken was in their presence or control).
"The slightest deprivation for the slightest period of time ... the slightest segregation of the property moved the slightest distance is sufficient to satisfy the elements of a theft, which is part of the crime charged." State v. Smith , 47,285 (La. App. 2 Cir. 9/26/12), 105 So.3d 744, writ denied , 12-2404 (La. 4/1/13), 110 So.3d 577, quoting State v. Neal , 275 So.2d 765 (La. 1973).
Defendant, while denying the truthfulness of much of Banks's testimony, concedes that the evidence at trial established that he repeatedly shot Banks. However, he contends that the evidence was insufficient to establish any property was taken from Banks through the use of force or intimidation because he did not demand any property from him and because his vehicle was found only a few blocks from the scene of the shooting.
The state presented evidence showing that after Defendant approached and shot Banks, he drove away in Banks's vehicle, which was in Banks's immediate control prior to Defendant's approach. As Defendant has conceded for the purposes of this appeal that he repeatedly shot Banks, it is clear that he used force in the taking of the vehicle and was armed with a dangerous weapon at the time of the robbery. Absent the shooting, or use of force, Banks could possibly have prevented the taking. The fact that Defendant did not verbally demand the vehicle from Banks prior to the taking is irrelevant as such a verbal demand is not required to satisfy the elements of armed robbery. Furthermore, the fact that Defendant abandoned the vehicle only blocks from the scene of the taking is irrelevant as the length of time of the deprivation of property is not the relevant inquiry. As noted above, "the slightest deprivation for the slightest period of time" is sufficient to satisfy the elements of armed robbery.
As such, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of armed robbery proven beyond a reasonable doubt.
This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the convictions and sentences of Defendant Andrew J. Metoyer are affirmed.
AFFIRMED.

Brentwood is a psychiatric hospital in Shreveport, Louisiana.