786 So.2d 933 (2001)
STATE of Louisiana
v.
Ricky Lynn ROBERTS.
No. 2000-1513.
Court of Appeal of Louisiana, Third Circuit.
May 9, 2001.
Charles F. Wagner, District Attorney-9th JDC, Alexandria, LA, Counsel for Appellee.
Paula Corley Marx, Louisiana Appellate Project, Lafayette, LA, Counsel for Appellant/Defendant.
Court composed of COOKS, SAUNDERS and AMY, Judges.
AMY, Judge.
Defendant was convicted of simple burglary and sentenced to serve twelve years *934 at hard labor. The defendant appealed alleging there was insufficient evidence to support his conviction. For the following reasons, we affirm.

Factual and Procedural Background
On February 6, 2000, at approximately 7:00 p.m., Ms. Patsy Howard left her office and walked to a company van parked nearby. As Ms. Howard opened the door to the van, she found that it had been stripped of several pieces of business equipment and discovered the defendant, Ricky Lynn Roberts, lying on the floorboard between the seats. Ms. Howard's husband, Michael Howard, detained the defendant at the van while she went to her office and called the police.
The defendant was charged by bill of information with one count of simple burglary in violation of La.R.S. 14:62 and one unrelated count of theft of goods in violation of La.R.S. 14:67.10(B)(2). On August 11, 2000, the defendant was convicted by a jury on the charged offense of simple burglary, but acquitted on the second charge, theft of goods. On August 21, 2000, the trial court sentenced him to serve twelve years at hard labor. The defendant appealed alleging that there was insufficient evidence to sustain a conviction of simple burglary.

Discussion of the Merits
In his sole assignment of error, the defendant alleges that the State failed to produce evidence sufficient to establish that he possessed the requisite intent to commit a felony or theft after his unauthorized entry into the van. He claims that he was merely sleeping in the van when he was discovered by Ms. Howard and that there is no direct evidence which sufficiently proves otherwise.
In order to prove simple burglary, the State was obligated to prove that the defendant made an unauthorized entry into any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein. La.R.S. 14:62.
When a defendant asserts an insufficiency of evidence claim on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La. 1983); State v. Miller, 98-1873 (La.App. 3 Cir. 10/13/99); 746 So.2d 118, 120.
When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a purely separate test from the Jackson sufficiency standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence, both direct and circumstantial must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden.
State v. Cummings, 95-1377, p. 3 (La.2/28/96); 668 So.2d 1132, 1134. See State v. Garcia, 483 So.2d 953 (La.1986).
The record in this matter indicates that the State presented the following evidence:
Patsy Howard is the owner of Patsy's Medical Transportation in Alexandria, Louisiana. Ms. Howard owns three vans which she uses to transport people with medical needs around town. She testified that she left the particular van in question *935 in the parking area at her office the day before the incident. She stated at the time she left the van, it was locked and intact. Ms. Howard testified that the next day, Sunday, February 6, 2000, she was working in her office until approximately 7:00 in the evening, at which time her husband arrived at the office. She unlocked the driver's side door of the van and saw that some of the van's equipment was missing. Eventually she determined that the compact disc player, the cassette player, and the radio were missing from the front of the van, and a television was missing from the rear of the van, and the spare tire was missing from the back of the van. Two speakers were left in the rear of the van, but one speaker cover had been removed and one cover had been partially removed.
After seeing the missing equipment from the opened driver's side door, Ms. Howard called out to her husband that the van's equipment had been stolen, then she walked to the passenger side of the van and opened that door. The passenger door was unlocked. She then opened the van's double side doors and entered the van. It was at this point, Mr. Howard told her to get out of the van because there was someone in the van lying between the reclining seats. Ms. Howard identified the defendant as the person lying on the floor of the van. She stated that the defendant was awake when she first saw him.
Ms. Howard testified that her husband told her to go to the office and call the police. She also stated the defendant told them that if they did not call the police he would show them where the equipment was located, but if the police were called, he would deny it.
Mr. Howard testified that he saw the defendant laying in the van and that the defendant told him he had been sleeping. He also testified that the defendant told him that if they did not call the police, he would tell them where their missing equipment was located.
The Howards and the investigating officer, Klein Johnson, testified that there were no tools found on the day of the incident that could have been used to dismantle the equipment from the van and that none of the missing equipment was found in the area after they conducted a search behind the office building and in nearby bushes. Additionally, no missing equipment was found in the defendant's possession. However, Ms. Howard testified that approximately a week following the incident, a screwdriver that did not belong to her was found by a client under one of the back seats.
While the defendant contends that he was only sleeping in the van, his presence in a van that had been stripped of its contents, coupled with his statements to the Howards regarding his knowledge of the whereabouts of their equipment, presents both direct and circumstantial evidence from which a rational trier of fact could have determined, beyond a reasonable doubt, that the defendant intended to commit a felony or theft once he unlawfully entered the van. Accordingly, after reviewing the evidence in the light most favorable to the prosecution, we find no error in the jury's conviction of the defendant for simple burglary.

DECREE
For the foregoing reasons, the conviction of the defendant, Ricky Lynn Roberts, is affirmed.
AFFIRMED.
COOKS, J. Dissents.
The constitutional standard we must use in reviewing sufficiency of evidence requires us to determine, viewing the evidence *936 in the light most favorable to the prosecution, whether any rational trier of fact could have found the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979). La. R.S. 15:438 provides further that when the state's evidence is circumstantial in nature, it must exclude every reasonable hypothesis of innocence. As the court explained in State v. Lott, 535 So.2d 963, "[u]ltimately, the Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt ... An appellate court reviewing the sufficiency of the evidence must resolve any conflict in direct evidence by viewing the direct evidence in light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient to persuade a rational factfinder beyond a reasonable doubt that the defendant was guilty of every essential element of the crime ... Exclusion of every reasonable hypothesis of innocence is a component of the more comprehensive reasonable doubt standard, when circumstantial evidence is used to convict." Thus, the circumstantial evidence rule may not establish a stricter standard of review than the more general Jackson v. Virginia formula; but, a hypothesis of innocence that is sufficiently reasonable and sufficiently strong must necessarily lead a rational factfinder to entertain a reasonable doubt about guilt. See United States v. Bell, 678 F.2d 547 (5th Cir.1982); State v. Sutton, 436 So.2d 471 (La.1983).
The State was required to prove: (1) Defendant made an unauthorized entry into the vehicle and (2) he did so with the specific intent to commit a felony or any theft therein. To prove defendant committed this offense, the State presented three slices of evidence: Defendant was discovered "laying in the van," a screwdriver was found in the van a week after the crime, and the victim testified when found defendant said he would tell the victim where the missing equipment was located if he (the victim) did not call the police.
Let us examine the first slice of evidence. Defendant was found in the van and the victim testified he did not have authorization to enter it. Nothing in the record suggests defendant ever disputed these facts. The first element of the crime, thus, was proven beyond a reasonable doubt by direct evidence. But, this direct evidence does not prove he entered the van with the specific intent to commit a felony or theft therein. Defendant says he entered the van to sleep and when discovered he was in fact "laying in the van." Nothing was found on defendant's person that connected him to the theft of the equipment. As the majority recites: "The Howards and the investigating officer, Klein Johnson, testified that there were no tools found on the day of the incident that could have been used to dismantle the equipment form the van and that none of the missing equipment was found in the area after they conducted a search behind the office building and in nearby bushes." A very reasonable hypothesis is defendant entered the van and went to sleep. It seems to me very unreasonable to think he stripped the van of all its contents, stashed the equipment somewhere, and returned to take a nap. Guilt by location alone does not satisfy Jackson.
The only other evidence which the State offered to prove the second element of the crime was entirely circumstantial. The state introduced the testimony of the victim who said defendant stated he would tell where the equipment was located if the police were not called. Defendant made this declaration after he was confronted by the victim who was accusing *937 him of stealing the equipment out of the van. We must accept the victim's account as true-in the light most favorable to the prosecution. Does this prove he had the specific intent to steal the equipment? I think not. All we can reasonably infer from defendant's statement is he knew where the equipment was located. But this fact, again, does not prove he had the specific intent to steal when he entered the van. He could have stumbled upon the real crooks before, during, or after the theft; he could have been an accessory-after-the-fact to the crime; he could have been pretending to know more than he did just to avoid the police; and he might have "heard through the grapevine" who stole the equipment. These are all "reasonable" hypotheses of innocence.
We are left, then, with a screwdriver discovered by the victim a week after the crime. This too is circumstantial evidence-but how can we connect this to defendant and by some magical extension to the crime? The Howards and the Police testified no tools were discovered after a search of the van on the day defendant was found in it. It is extremely reasonable to conclude the screwdriver was not connected with defendant or the crime.
After reviewing the direct and circumstantial evidence, I am convinced the State did not prove the second element of the crime charged-intent to commit a felony or theft therein; and when all the reasonable hypotheses of innocence are considered, the State did not prove beyond a reasonable doubt that defendant committed simple burglary. Defendant was not charged with unauthorized use of a vehicle-which is the only crime the evidence proves he is guilty of committing.