990 So.2d 95 (2008)
STATE of Louisiana
v.
Frank V. AGEE.
No. 2008-KA-0203.
Court of Appeal of Louisiana, Fourth Circuit.
July 23, 2008.
*96 Keva Landrum-Johnson, District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for the State of Louisiana.
John Harvey Craft, Louisiana Appellate Project, New Orleans, LA, for Frank V. Agee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS, JR., Judge Pro Tempore MOON LANDRIEU).
MAX N. TOBIAS, JR., Judge.
On 15 August 2006, the State charged the defendant, Frank V. Agee ("Agee"), with burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. Agee failed to appear for arraignment on 25 August 2006 and the court issued an alias capias for his arrest. He was arrested on 26 April 2007 and entered a plea of not guilty at his arraignment on 2 May 2007. On 27 July 2007, the trial court found probable cause and denied Agee's motion to suppress the evidence. On 17 September 2007, a jury found Agee guilty as charged. On 9 November 2007, Agee was sentenced to twelve years at hard labor with credit for time served. On that same day, Agee appealed.

FACTS
Ms. Deborah Harris testified that on 10 June 2006 she owned a two-story residence at 8719 Pear Street in New Orleans. She explained that she and her grandson, Jamal Gilbert ("Gilbert"), lived in the upstairs apartment, and that she did not know the accused and did not give him permission to enter her residence.
New Orleans Police Department Officer LeShawn Johnson testified that he was dispatched on 10 June 2006 to the 8700 block of Pear Street on a battery call. As he arrived on the scene, Officer Johnson saw Agee sitting on the ground with two males standing over him. Agee had an obvious injury to his head. Officer Johnson questioned the defendant, who informed the officer that he was at the Pear Street residence because he worked for a contractor named "Mr. Jake." However, Agee did not have a telephone number for the contractor and did not know where to find him. Emergency Medical Service personnel rendered aid to Agee and removed him from the scene. Officer Johnson entered the back door of 8719 Pear Street where he observed pry marks on the door, lock and door sill. He also observed a chisel and two screwdrivers on the ground at the back door. Agee was arrested at the hospital by Officer Kenny Temple, who confiscated a black and chrome Technoman watch from Agee. Officer Temple gave the watch to Officer Johnson, who in turn placed the watch in Central Evidence and Property of the police department.
Officer Temple testified that he responded to a disturbance call at 8719 Pear Street. When he arrived at the scene, other officers were present and an ambulance had just driven up. The defendant had suffered a head injury so he was transported to the hospital. Officer Temple accompanied Agee to the hospital to interview him. While at the hospital, Officer Temple received a call instructing him to arrest Agee for trespass and to search Agee for a watch. Officer Temple arrested Agee, read him his rights, searched him, and found a silver and black chronograph watch.
Reverend Ivell Romas, Jr., testified that he lived in the 8800 block of Pear Street. On the afternoon of 10 June 2006, Reverend Romas watched as two youths pursued a fleeing individual, the accused. The youths, whom Reverend Romas recognized *97 from the neighborhood, cornered Agee after about a half block pursuit. Reverend Romas witnessed Agee attempt to stab the youths with a screwdriver. The youths asked the reverend to call the police, which he did. At some point during the altercation, one of the youths hit the defendant in the head with a pipe.
Rayfield Thornbor ("Thornbor") testified that on 10 June 2006, he was visiting his friend, Gilbert, at Gilbert's residence in the 8700 block of Pear Street. Thornbor and Gilbert were sitting the back yard of the residence with another friend. As the trio was leaving the backyard, Thornbor saw Agee exiting the back door of the upstairs residence. Thornbor and Gilbert asked him what he was doing. Agee gave Thornbor and Gilbert conflicting explanations for his presence in the upstairs apartment. As Thornbor and Gilbert approached, Agee ran. Thornbor and Gilbert chased Agee to the corner where the defendant pulled a screwdriver from his clothing and attempted to stab them. Gilbert picked up a piece of wood and hit Agee in the head.
Gilbert testified that he lived with his grandmother at 8719 Pear Street. Gilbert explained that the lower part of the residence was under repair for Hurricane Katrina damage. Gilbert knew the contractor doing the work, and knew that the contractor's worker were of Latino origin, not African Americans. Gilbert saw Agee exit the back door of the upstairs apartment. He questioned Agee about his reason for being in the apartment because he knew the contractor was not doing any work on the residence on that particular day. Agee ran with Gilbert and Thornbor in pursuit. Agee attempted to stab him with a screwdriver, so he, Gilbert, hit Agee in the head with a stick. When Gilbert saw Reverend Romas, he asked the reverend to call the police because Agee had broken into his house. Officer Johnson accompanied Gilbert back to his residence to determine whether the defendant had taken anything. At that time, Gilbert noticed gouge marks on the back door and saw a screwdriver and chisel on the floor near the backdoor. Gilbert discovered that his watch was missing from his grandmother's bedroom. At trial, Gilbert identified State's Exhibit Two, which was the watch taken from Agee upon his arrest, as belonging to him.

ERRORS PATENT
A review for errors patent on the face of the record reveals two errors patent.
First, the record indicates that the court sentenced Agee on the same day that his Motion for Post-Judgment Verdict of Acquittal was denied. La.C.Cr.P. art. 873 states that if a motion for new trial or motion in arrest of judgment is filed, sentence shall not be imposed until at least twenty-four hours after the motion is denied, unless the defendant expressly waives the delay or pleads guilty. A defendant may implicitly waive the twenty-four hour delay by announcing his readiness for sentencing. State v. Foster, 02-0910, p. 2 (La.App. 4 Cir. 12/11/02), 834 So.2d 1188, 1191. In the case at bar, Agee waived the required twenty-four hour delay when defense counsel responded in the affirmative when the trial judge inquired whether the defendant was ready for sentencing. State v. Pierre, 99-3156, p. 7 (La.App. 4 Cir. 7/25/01), 792 So.2d 899, 903. Therefore, this court need not take any remedial action.
Second, we note a sentencing error. La. R.S. 14:62.2 requires that the first year of a defendant's sentence be served without benefit of probation, parole, or suspension of sentence. In this case, the trial court failed to include that restriction in Agee's sentence, thereby imposing an illegally *98 lenient sentence. However, in instances where the statutory restrictions are not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court. La. R.S. 15:301.1 A; State v. Hall, 02-1098, pp. 5-6 (La.App. 4 Cir. 3/19/03), 843 So.2d 488, 494; State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. Because the statute is self-activating, the error requires no action by this court.

ASSIGNMENT OF ERROR NUMBER 1
In a sole assignment of error, Agee argues that the evidence is insufficient to support his conviction.
This court set out the well-settled standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
In the case at bar, Agee was convicted of simple burglary of an inhabited dwelling, which is the unauthorized entry of any inhabited dwelling, house, apartment, or other structure used in whole or in part as home or place of abode by a person having the intent to commit a felony or theft therein. La. R.S. 14:62.2. Specific criminal intent is an essential element of the crime. State v. Chairs, 99-2908, p. 9 (La.App. 4 Cir. 2/7/01), 780 So.2d 1088, 1095. Specific criminal intent is that state of mind that exists when the circumstances *99 indicate that the offender actively desired the prescribed criminal consequences to follow from his act or failure to act. La. R.S. 14:10(1).
Agee contends that the testimony at trial only showed that he was seen on the stairs leading to the Pear Street residence. He argues that the evidence does not establish beyond a reasonable doubt that he entered, or even attempted to enter, the residence. He maintains that the evidence relied upon by the state to prove entry was strictly circumstantial.
We find Agee's argument has no merit because it ignores Gilbert's and Officers Johnson's and Temple's testimonies that someone had pried open the back door of the residence as evidenced by the screwdriver and chisel found on the scene, as well as the gouge marks on the back door. The evidence also proved that Agee had been in the residence for some time because Gilbert and Thornbor testified that they each first saw Agee on the stairs of the residence, exiting the dwelling. Finally, Gilbert's testimony established that someone had removed his watch from his grandmother's bedroom, and that the same watch was found in Agee's possession by Officer Temple after he arrested him. Agee's argument in brief is that the evidence does not exclude the possibility that he simply picked up the watch somewhere outside the house and that he had not entered the house at any time.
This court and others have affirmed convictions for burglary where the entry into the structure is proven solely through circumstantial evidence. See State v. Smith, 06-0318 (La.App. 4 Cir. 11/21/06), 946 So.2d 218; State v. Snyder, 06-029 (La. App. 5 Cir. 6/28/06), 937 So.2d 396; State v. Alsup, 42,636 (La.App. 2 Cir. 10/24/07), 968 So.2d 1152, writ denied, 07-2252 (La.4/25/08), 978 So.2d 363; State v. Roberts, 00-1513 (La.App. 3 Cir. 5/9/01), 786 So.2d 933.
Agee was found on the scene of the crime; he was found in possession of property taken at the time of the crime. His subsequent flight indicates a consciousness of guilt from which the jury could reasonably conclude that he had entered the residence and taken the watch. We find the assignment of error meritless.

CONCLUSION
For the foregoing reasons, we affirm Agee's conviction and sentence.
AFFIRMED.