EDWIN A. LOMBARD, Judge.
| jThe defendant, Shardae D. Pittman, appeals her conviction and sentence for attempted manslaughter. After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s conviction and sentence.
Relevant Facts and Procedural History
On April 17, 2010, Janay McDonald dropped off her child at the apartment of a neighbor, Stephanie Johns, located on 4339 Maple Drive in New Orleans, and became involved in an altercation with the defendant. After the fight, Ms. McDonald returned to her home and the defendant went to her car. Ms. McDonald went outside and while she was conversing with her friends, the defendant returned and sprayed mace on Ms. McDonald and her friends. Ms. McDonald rushed back into her apartment to wash her face, and as she was closing her door, the defendant sprayed mace on her, again, and stabbed her in the head with a knife.
On June 17, 2010, a bill of information was filed, charging the defendant with one count of attempted second-degree murder. On November 17, 2010, the trial court conducted a judge trial, as elected by the defendant. At trial, the defendant was found guilty of attempted manslaughter, a *784 responsive verdict to attempted second-degree murder, and on November 29, 2010, she was sentenced to serve ten-years at hard labor, with credit for time served, On December 23, 2010, |2the trial court denied the defendant’s motions to reconsider sentence and for a new trial. This appeal follows.
Assignment of Error I
The defendant asserts that the trial court erred by denying her motion for new trial pursuant to La.Code Crim. Proc. Art. 851(1)[1]. But, because the defendant fails to specifically argue that assignment of error, it is deemed abandoned. See State v. Hampton, 98-0331, p. 12 (La.4/23/99), 750 So.2d 867, 880.
Assignment of Error II
The defendant argues that the evidence was insufficient to convict her of attempted manslaughter. The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2784, 61 L.Ed.2d 560 (1979). This review must include the whole record, as a rational fact finder does. State v. Mussall, 523 So.2d 1305, 1310 (La.1988). If rational finders of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all of the evidence most favorable to the prosecution must be adopted. Id. It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Johnson, 619 So.2d 1102 (La.App. 4 Cir.1993), citing State v. Rosiere, 488 So.2d 965, 968 (La.1986). Credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the fact finder, State v. Brumfield, 93-2402, p. 5-6 (La. |App.s 4 Cir. 6/15/94), 639 So.2d 312, 316. Moreover, conflicting testimony as to factual matters is a question of weight of the evidence, not sufficiency. State v. Jones, 537 So.2d 1244, 1249 (La.App. 4 Cir.1989). Like all factual matters, credibility determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. Id., citing State v. Vessell, 450 So.2d 938 (La.1984). Absent internal contradiction or irreconcilable conflict with the physical evidence, a single witness’ testimony, if believed by the fact finder, is sufficient to support a factual conclusion. State v. Marshall, 2004-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369.
The defendant contends that the evidence is insufficient to show she had intent to kill Ms. McDonald. Pursuant to La.Rev.Stat. 14:31(A)(1), manslaughter is “a homicide which would be murder under either Article 30 (first-degree murder) or Article 30.1 (second-degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection.” Where a person “having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object” he or she “is guilty of an attempt to commit the offense intended.” La.Rev.Stat. 14:27(A). Specific criminal intent is “that state of mind which exists *785 when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La.Rev.Stat. 14:10(1). Specific intent need not be proven as fact, but may be inferred from the circumstances and actions of the ^defendant. State v. Herbert, 2000-1052, p. 12 (La.App. 4 Cir. 4/11/01), 787 So.2d 1041, 1050.
The following evidence was adduced at trial. The State called as witnesses Ms. Johns, Ms. McDonald, and Detective Brandon Ludwig. Ms. McDonald testified that she first had a physical altercation with the defendant outside Ms. Johns’ residence after the defendant made a comment about her child. Ms. McDonald returned to her residence and the defendant returned to her car. The defendant then returned with mace in her hand and confronted Ms. McDonald outside the apartment. After being sprayed with mace, Ms. McDonald rushed back to her apartment to wash off the mace and the defendant followed, forcing her way through the apartment door where she sprayed her, again, with mace, and stabbed her in the head with a knife. Ms. Johns testified, corroborating Ms. McDonald’s testimony.
Detective Brandon Ludwig of the New Orleans Police Department’s Fourth District Investigative Unit testified that he arrived at the crime scene and found Ms. McDonald laying on her living room floor with an apparent stab wound to her head. The detective testified that there was a lot of blood was on the floor and Ms. McDonald was bleeding profusely when she was taken from her home.
Accordingly, the evidence is sufficient to infer that the defendant intended to kill Ms. McDonald. The record reflects that the defendant inflicted injuries to Ms. McDonald’s head with a knife, causing her to lose a copious amount of blood. The defendant’s intentional use of the deadly weapon to produce injuries involving a serious risk of death manifests specific intent.
When viewed in a light most favorable to the State, these facts support a rational fact finder’s determination that the defendant had a specific intent to kill |BMs. McDonald. The defendant pursued this intent, but was ultimately unsuccessful, resulting in her conviction for attempt. Accordingly, this assignment of error merits no relief.
Assignment of Error III
Appellate counsel contends that the trial court erred in permitting the defendant to waive trial by jury without determining that the waiver was made knowingly and intelligently.[2] The right to trial by jury is protected by La. Const. Art. 1,17. Except in capital cases, the defendant may knowingly and intelligently waive trial by jury and elect to be tried by the judge. La. Code Crim. Proc. Art. 780. When the defendant waives his right to a jury trial by opting for a judge trial, the Supreme Court has expressly rejected several times a rule that would require the trial judge to personally inform the defendant .of his right to a jury trial. State v. Kahey, 486 So.2d 475 (La.1983).
Before the trial began, the defense counsel advised the court that the defendant wished to have a trial by judge. The following colloquy occurred:

THE COURT:

I have been informed by your attorney that you wish to have a trial by judge; is that correct?

THE DEFENDANT:

Yes, Sir.

THE COURT:

*786 Now, you do understand that you have a constitutional right to a trial by jury, but you can waive that right and have a trial by judge, which I will decide the issues regarding your case. You understand that?

THE DEFENDANT:

No, Sir.

THE COURT:

You understand?

THE DEFENDANT:

No, Sir.

THE COURT:

Rif you go with a judge trial, I decide whether or not you are guilty or not guilty.

THE DEFENDANT:

Yes, Sir.

THE COURT:

You discussed this with your attorney?

THE DEFENDANT:

Yes, Sir.

THE COURT:

Counselor, you discussed this with your client?

MR. MYERS:

Yes, we spoke yesterday at the lockup, Judge.

THE COURT:

Let the record reflect that the defendant has knowingly and voluntarily waived [her] right to a trial by jury.
(The defendant’s brief, p. 6, bold supplied, italicized added as omitted from the defendant’s brief).
Thus, the trial judge asked the defendant if she was properly informed that the defendant wished to have a trial by judge, to which the defendant answered affirmatively. The trial judge then questioned the defendant concerning her understanding of this fundamental right and her intention to waive it, to which the defendant answered negatively. Apparently concerned with the negative response to whether she understood that she had a constitutional right to a jury trial, but that she could elect a judge trial, the trial judge rephrased his question to reflect that if she elected a judge trial, he would determine her guilt. The defendant apparently understood the rephrasing and responded positively. Both the defense counsel and defendant then averred that they had discussed the issue the previous day.
Accordingly, we find no reversible error in the trial court’s acceptance of the waiver of jury trial. The defendant contends that, “[t]here is nothing in the record which shows compliance with the” law on jury waiver. However, the record clearly indicates that the decision to proceed with trial by judge was affirmed by the defendant. Although the defendant initially responded negatively Rwhen the trial judge asked whether she understood that she had a constitutional right to a jury trial, the colloquy makes clear that after the trial judge rephrased his question to reflect that upon electing a judge trial, he would determine her guilt, the defendant understood her right to trial by jury and waived it. Thus, the defendant’s decision to be tried by the judge was a product of her knowing and intelligent choice. Further, as reflected in the record, the defendant knowingly chose a judge trial after conferring with counsel.
On the basis of the overall record, we conclude that the defendant knowingly and intelligently waived her right to trial by jury. Accordingly, this assignment of error is void of merit.
Errors Patent
A review of the record for errors patent reveals that there are none.
*787 Conclusion
The defendant’s conviction and sentence are affirmed.
AFFIRMED

. The defendant’s motion for new trial invoked "La.Code Crim. Proc. Art. 851 et seq.” However, she specifically asserted that ”[t]he verdict of ‘guilty of attempted manslaughter' is contrary to the law and evidence.' " Emphasis added. Therefore, it is clear that the basis of her motion was La.Code Crim. Proc. Art. 851(1), mandating a new trial where "[tjhe verdict is contrary to the law and the evidence.”

. The defendant was represented by a different attorney at trial.