SANDRA CABRINA JENKINS, Judge.
| T J.W.,[1] a juvenile, appeals his delinquency adjudication for simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. In the one assignment of error presented to this Court on appeal, J.W. challenges the sufficiency of the evidence to support his adjudication asserting that the State failed to prove the requisite specific intent. For the following reasons, we affirm the delinquency adjudication.
FACTUAL AND PROCEDURAL BACKGROUND
On November 27, 2013, the State filed a petition charging J.W. with one count of simple burglary of an inhabited dwelling. The adjudication hearing was held on February 12, 2014 with New Orleans Police Department (“NOPD”) Officer Jermell Taylor (“Officer Taylor”) and victim Patricia Chester appearing as the State’s witnesses. J.W. did not present any witnesses.
Officer Taylor testified that on November 25, 2013, he responded to a complaint about a possible burglary in progress on North Prieur Street. According to Officer Taylor, upon arriving to the house to investigate, he observed three |2males running out of the house. Specifically, Officer Taylor stated “I [saw] them as they were exiting the house, coming out of the back door or the side door.”
Officer Taylor testified that he recognized one of the subjects, J.W., from a prior incident and gave a description of all three subjects over the radio. Officer Taylor, with the help of another officer, then set a perimeter around the property for the purpose of apprehending the subjects. According to Officer Taylor, once J.W. was apprehended, he was brought back to the residence, where Officer Taylor positively identified him as one of the subjects he had observed fleeing from the residence.
Fortunately, Ms. Chester was not home at the time of the burglary; however, she was informed shortly thereafter by several calls from the police department. According to Ms. Chester, she returned home as soon as she could and observed her front and back door open. Ms. Chester testified that clothes were all over her bedroom and her living room was in disarray, which she stated was not the condition she had left it in earlier that day. Ms. Chester further testified that two televisions, a laptop, two game consoles, and a few other nonessential items were missing. At the hearing, Ms. Chester acknowledged the photograph of a footprint on the bottom of her back door, which she stated was not there when she left earlier that day. Furthermore, Ms. Chester testified that she does not know J.W., and he did not have permission to be in her house on the day in question.
The trial court adjudicated J.W. delinquent for simple burglary of an inhabited dwelling and immediately proceeded with his disposition hearing. The trial court committed J.W. to the Department of Public Safety and Corrections for a period not to exceed two years; however, J.W.’s commitment was suspended and he was placed on active probation for two years. This appeal followed.
| -¡LAW AND ANALYSIS
It is well established that in reviewing a claim of sufficiency of evidence *766 to support a conviction, this Court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Ennis, 11-0976, pp. 4-5 (La.App. 4 Cir. 7/5/12), 97 So.3d 575, 579 (quoting State v. Brown, 03-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18). In applying this standard, the reviewing court does not determine whether it “believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Peters, 12-1641, p. 16 (La.App. 4 Cir. 8/21/13), 123 So.3d 307, 316 (quoting State v. Taylor, 12-0345, p. 19 (La.App. 4 Cir. 6/26/13), 118 So.3d 65, 77). The reviewing court is to consider the record as a whole, and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should not be disturbed. Id. (quoting Taylor, 12-0345, p. 18,118 So.3d at 77).
To establish the crime of simple burglary of an inhabited dwelling, the state must prove beyond a reasonable doubt that the offender, without authorization, entered the victim’s home with the intent to commit a felony or theft therein. La. R.S. 14:62.2. Thus, the three essential elements to this crime are: (1) Unauthorized entry, (2) of an inhabited dwelling, (3) with the intent to commit a felony or theft therein.[2] Furthermore, when circumstantial evidence forms the basis of the conviction, the applicable standard is: “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438.
|4Specific intent is an essential element of the crime of simple burglary of an inhabited dwelling. State v. Agee, 08-0203, p. 6 (La.App. 4 Cir. 7/23/08), 990 So.2d 95, 98 (citing State v. Chairs, 99-2908, p. 9 (La.App. 4 Cir. 2/7/01), 780 So.2d 1088, 1095). Specific intent is that “state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Moreover, specific intent need not be proven as fact since it can be inferred from facts, acts, and circumstances. State v. Buhcannon, 11-1727, p. 11 (La.App. 4 Cir. 3/13/13), 112 So.3d 312, 319 (quoting State v. Pittman, 11-0741, pp. 3-4 (La.App. 4 Cir. 2/29/12), 85 So.3d 782, 785). J.W. asserts that Officer Taylor’s testimony that he saw J.W. run out of the residence does not prove that he had the intent to commit a felony or theft inside and therefore argues that the evidence is insufficient to justify the delinquency adjudication.
Despite J.W.’s contention, the physical evidence inside the house indicates the offender intended to commit a theft, and the signs of forced entry prove an unauthorized entry. The state of disarray of Ms. Chester’s bedroom and living room suggest the offender reviewed and considered the property before actually removing it from the dwelling. The absence of the televisions, game consoles, and laptop further support this inference. Thus, the inference that J.W. broke into Ms. Chester’s home to steal her property is rational under these facts and should not be disturbed.
The trier of fact is in a unique position to judge the credibility and weight of the evidence before it. This court will not disturb the trial court’s judgment where, as here, the trial judge chose to accept as true one version of the facts over another version she found less credible. There *767 fore, reviewing the evidence in the light most |Rfavorable to the prosecution, a rational trier of fact could have concluded that J.W. possessed the intent to commit a felony or theft inside the dwelling, and J.W.’s delinquency adjudication was not error.
DECREE
For the forgoing reasons, the judgment of the trial court adjudicating J.W. delinquent is affirmed.
AFFIRMED.
LOBRANO, J., concurs in the result.

. As J.W. is a juvenile, he will be referred to by his initials. La. Ch.C. art. 412(a).

. J.W. does not contest elements 1 or 2.