**CORRECTED COPY**

**STATE OF LOUISIANA**     *     **NO. 2024-KA-0470**

**VERSUS**     *

    **COURT OF APPEAL**

**TINO T. PIERRE**     *

    **FOURTH CIRCUIT**

    *

    **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-650, SECTION "L"
Judge Angel Harris
**\* \* \* \* \* \***
**Judge Joy Cossich Lobrano**
**\* \* \* \* \* \***

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

     COUNSEL FOR DEFENDANT/APPELLANT

             **AFFIRMED**

             **12/06/2024**

JCL

TGC

DNA

This is a criminal case. Tino Pierre ("Defendant") appeals his convictions of simple burglary, attempted theft of a thing valued at more than $5,000.00 but less than $25,000.00, and contributing to the delinquency of juveniles and his sentences on each conviction. For the following reasons, we affirm Defendant's convictions and sentences.

On October 12, 2023, Defendant was charged by bill of information with simple burglary, a violation of La. R.S. 14:62, attempted theft of a thing valued at $25,000 or more, a violation La. R.S. 14:27 and La. R.S 14:67(B)(1), and contributing to the delinquency of juveniles, a violation of La. R.S. 14:92. Defendant appeared for arraignment on October 30, 2023 and entered a plea of not guilty to the charges.

The case proceeded to trial on April 17, 2024. The jury considered the simple burglary and attempted theft counts, while the trial judge considered the contributing to the delinquency of juveniles count. At the conclusion of the trial, the jury found Defendant guilty as charged of simple burglary and guilty of the lesser offense of attempted theft of a thing valued at more than $5,000.00 but less

1

than $25,000.00, and the district court found Defendant guilty as charged of contributing to the delinquency of juveniles.

On May 24, 2024, the district court sentenced Defendant to three years at hard labor in the custody of the Department of Corrections on both the simple burglary count and on the attempted theft count and to six months in the custody of Orleans Parish Prison for the contributing to the delinquency of juveniles count. The court ordered the sentences to run concurrently with Defendant to receive credit for time served. This appeal follows.

## STATEMENT OF FACTS

The State called Lieutenant Bradley Tollefson, Officer Brooke Duncan, and Detective Alicia Pierre to testify at trial. The defense presented no witnesses. A summary of the evidence presented at trial follows.

### *Lieutenant Bradley Tollefson*

New Orleans Police Department ("NOPD") Lieutenant Bradley Tollefson ("Lieutenant Tollefson") testified that on August 12, 2023, he was patrolling the French Quarter in a marked police vehicle as part of the French Quarter Task Force. As he was travelling in the 800 block of Barracks Street near Dauphine Street, he heard a car alarm and then observed an individual exiting the vehicle whose alarm was sounding. After making eye contact with the officer, the individual closed the car door and walked towards two other individuals standing on the sidewalk. When Lieutenant Tollefson opened the door to exit his vehicle, the three individuals fled.

Lieutenant Tollefson radioed for assistance. Thereafter, Officer Brooke Duncan ("Officer Duncan") observed the three suspects and gave chase. Officer Duncan and other responding officers ultimately apprehended the suspects. When

2

Lieutenant Tollefson arrived in the area where the suspects had been apprehended, he observed that they were secured in handcuffs.

Lieutenant Tollefson returned to the location of the vehicle. He observed that the rear passenger window of the vehicle had been "smashed" and that the steering column had been cracked. He further observed that the vehicle had a Florida license plate. Lieutenant Tollefson identified the vehicle as a Hyundai Elantra.

### Detective Alicia Pierre

NOPD Detective Alicia Pierre ("Detective Pierre") testified that she was dispatched to the scene. When she arrived, the suspects had already been detained. She went to a nearby beauty store to view surveillance video footage. The video footage depicted three suspects running down the street and one of the suspects appeared to be putting something in a trash can. After viewing the video, Detective Pierre asked the store worker if she could copy the video onto a flash drive. The worker stated that he could not copy download the video to a flash drive because the computer system was not working properly, so the detective recorded the video on her work phone. The video recording was played to the jury.

### Officer Brooke Duncan

NOPD Officer Duncan testified that he was patrolling the French Quarter, when he heard a call for assistance that Lieutenant Tollefson had put out concerning three individuals breaking into a vehicle. As he was driving down Burgundy near the intersection of Barracks, Officer Duncan observed three individuals fitting the description provided by Lieutenant Tollefson. Officer Duncan activated the lights and sirens on his police unit, and the suspects fled. Officer Duncan commanded the suspects to stop, but they continued running.

Officer Duncan observed that one of the suspects was running with his hands under his hooded sweatshirt, which, based on his training and experience, led the officer to believe that the suspect was trying to brace a weapon against his body to prevent it from falling.

Officer Duncan and other responding officers ultimately apprehended the three suspects. Thereafter, the officers searched the area along the route taken by the suspects and found a firearm discarded in a trash can. The officers also found a backpack, a ski mask, a box of ammunition, a screw driver, and a USB cord. Officer Duncan explained that USB cords are commonly used to hotwire Hyundai vehicles.

Officer Duncan provided the years the suspects were born. Two of the suspects, who were brothers, were minors at the time of the incident, and Defendant was twenty-two years old.

Officer Duncan researched the value of the subject vehicle on the Kelly Blue Book website and learned that the vehicle was valued between ten thousand and eleven thousand dollars.

## ASSIGNMENT OF ERROR

As his only assignment of error, Defendant argues that "[t]he [State's] failure to present any evidence of ownership of the vehicle alleged to have been burglarized is fatal to the sufficiency of the evidence supporting the conviction on all three counts."

## ERRORS PATENT

A review of the record pursuant to La. C.Cr.P. art. 920 indicates no errors patent.

## DISCUSSION

4

Defendant argues that insufficient evidence exists to support his convictions. He contends "no evidence of any kind was presented regarding ownership of the [subject] vehicle." Consequently, Defendant asserts that "the State failed to present sufficient evidence to support a simple burglary or attempted theft conviction[,] [a]nd because the State failed to prove a violation of law was committed, the misdemeanor count of contributing to the delinquency of a minor is likewise not supported by sufficient evidence."

When reviewing the sufficiency of the evidence to support a conviction, we apply the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under *Jackson*, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense proven beyond a reasonable doubt. *State v. Williams,* 18-0445, p. 11 (La. 2/27/19), 265 So.3d 902, 912. The reviewing court must consider the whole record, just as the rational trier of fact considers all of the evidence, while presuming that the trier of fact acted rationally. *State v. Mussall*, 523 So.2d 1305, 1310 (La. 1988); *State v. Dukes*, 19-0172, pp. 7-8 (La. App. 4 Cir. 10/2/19), 281 So.3d 745, 752.

"If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted." *State v. Landrieu*, 18-0964, p. 6 (La. App. 4 Cir. 6/12/19), 274 So.3d 661, 667 (quoting *State v. Egana*, 97-0318, p. 6 (La. App. 4 Cir. 12/3/97), 703 So.2d 223, 228). It is not the function of an appellate court to assess the credibility of witnesses or reweigh the evidence. *State v. Scott*, 12-1603, p. 11 (La. App. 4 Cir. 12/23/13), 131 So.3d 501, 508. Credibility determinations, as well as the weight given to the evidence, are soundly within the province of the

factfinder. *Id.* "Moreover, conflicting testimony as to factual matters is a question of weight of the evidence, not sufficiency. Such a determination rests solely with the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness." *Id.* (citation omitted). In the absence of internal contradiction or irreconcilable conflict with the physical evidence, a single witness's testimony, if believed by the fact finder, is sufficient to support a factual conclusion. *State v. D.D.*, 18-0891, p. 31 n. 24 (La. App. 4 Cir. 12/27/19), 288 So.3d 808, 834 (citing *State v. Finch*, 31,888, p. 16 (La. App. 2 Cir. 5/5/99), 733 So.2d 716, 728).

When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 provides that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of La. R.S. 15:438 does not establish a standard separate from the *Jackson* standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. *State v. Captville,* 448 So.2d 676, 678-79 (La. 1984).

Simple burglary is the "unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, . . . with the intent to commit a felony or any theft therein[.]" La. R.S. 14:62(A)(1). In order to obtain a conviction for simple burglary, the State must prove that "the defendant entered the structure or vehicle without authorization and had the specific intent to commit a felony or theft therein." *State v. Smith*, 06-0318, p. 5 (La. App. 4 Cir. 11/21/06), 946 So.2d 218, 221 (citing *State v. Ewens*, 98-1096, p. 5 (La. App. 5 Cir. 3/30/99), 735 So.2d 89, 93).

Theft is defined by La. R.S. 14:67(A) as follows:

> Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

"The requisite intent required by La. R.S. 14:62 and La. R.S. 14:67 is specific intent." *State v. Handy*, 14-1015, p. 8 (La. App. 4 Cir. 12/10/14), 156 So.3d 785, 790 (citation omitted). "Specific intent is a state of mind that need not be proven as fact but may be inferred from circumstances and the actions of the defendant." *Id.* (citation omitted). "Whether a criminal defendant possesses the requisite intent is for the trier of fact, and a review of the correctness of that determination is guided by the *Jackson* standard." *Id.* (citation omitted).

In the case *sub judice*, both direct and circumstantial evidence support the conclusion that neither Defendant nor his two companions owned the vehicle at issue or were otherwise authorized to enter it. As to direct evidence, Lieutenant Tollefson testified to observing a male emerge from the vehicle whose alarm was sounding, and the male and two others fled from Lieutenant Tollefson. He further testified that, upon his return to the vehicle, he observed that the vehicle had a smashed window and a cracked steering column. A rational juror could have determined that if they had been authorized to use the vehicle or had an ownership interest in it, rather than fleeing from police assistance, the individuals would have attempted to attain such assistance to report a burglary.

In addition to the above direct evidence, the following circumstantial evidence reflects that Defendant did not own the vehicle and was not authorized to enter it. First, Defendant made no effort to silence the vehicle's alarm. Second, the vehicle's steering column was cracked, a strong indicator of an attempted hotwire.

Third, the vehicle had a Florida license plate, yet Defendant and his companions were Louisiana residents. Finally, Defendant provided no paperwork or other evidence reflecting an ownership interest in the vehicle.

Proof of ownership by another is not an essential element of either theft or simple burglary. *See State v. McClanahan*, 262 La. 138, 140, 262 So.2d 499, 500 (La. 1972) ("In cases of theft, proof of ownership of the stolen property is not essential."). Further, as stated earlier, this Court held in *Smith*, that to convict a defendant of simple burglary, the State is required to prove "that the defendant entered the structure or vehicle without authorization and had the specific intent to commit a felony or theft therein." 06-0318, p. 5, 946 So.2d at 221. Accordingly, in order to support Defendant's convictions on the charges of simple burglary and attempted theft, the State was not required to produce evidence as to ownership of the vehicle.

Defendant cites *State in Interest of J.P.*, 19-0542 (La. App. 4 Cir. 9/25/19), 280 So.3d 245, in support of his insufficient evidence argument. In *J.P.*, this Court reversed a juvenile's adjudication of delinquency for simple burglary due to the State's failure to establish that the juvenile lacked authorization to enter the vehicle at issue. In *J.P.*, the investigating detective, the State's only witness, did not testify whether the owner had authorized the juvenile to enter the vehicle. Instead, the juvenile court inferred the lack of authorization from the detective's testimony that when she observed the surveillance video, she did not see the alleged victim give permission to the juvenile to be in the vehicle or open the vehicle to allow the juvenile to enter the vehicle. *Id.* at pp. 5-6, 280 So.3d at 249-50. This Court found that the detective's testimony was insufficient to exclude the possibility that the victim had authorized the juvenile to enter the vehicle and further found that the

8

surveillance video "suggested that [the juvenile] and her companion may have had some relationship with the vehicle." *Id.* at p. 6, 280 So.3d at 250. Noting that the surveillance video "reflect[ed] that, in clear view of anyone watching, [the juvenile] and her companion walked directly to the [vehicle] and entered it," the Court concluded that "[t]he fact that they did so leaves ample room for the reasonable hypothesis that they had authorization to do so." *Id.*

The facts of this case are distinguishable from *J.P.* Defendant and his companions fled the parked vehicle when they saw Lieutenant Tollefson. Defendant's flight from the scene was indicative of his consciousness of guilt. *State v. Bell,* 581 So.2d 384, 386 (La. App. 4th Cir. 1991) ("A defendant's flight from the scene of a crime indicates consciousness of guilt, and, as such, is one of the circumstances from which guilt may be inferred.") (citing *State v. Patterson,* 459 So.2d 714 (La. App. 4th Cir. 1984)); *cf. State v. Loyd*, 18-968, p. 7 (La. App. 3 Cir. 6/5/19), 274 So.3d 112, 118 (finding that the defendant's flight upon encountering the police "was indicative of his guilty knowledge that he was not authorized to use the [vehicle]."). Further, the vehicle's alarm was sounding, the rear passenger window was smashed, and the steering column was cracked. Additionally, a USB cord, a tool commonly used to hotwire Hyundai vehicles, was recovered along the route that Defendant and his companions had taken in fleeing from the police. Clearly, the above facts do not suggest that Defendant had "some relationship" with the vehicle; thus, there is not "ample room" for the reasonable hypothesis that Defendant had authorization to enter the vehicle. The evidence was sufficient to support Defendant's convictions of simple burglary and attempted theft.

With respect to Defendant's claim that the evidence is insufficient to support his conviction on the charge of contributing to the delinquency of juveniles, we lack appellate jurisdiction over Defendant's conviction on this charge.

The Louisiana Constitution sets out jurisdiction to the appellate courts in pertinent part as follows: "Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of . . . (3) all criminal cases triable by a jury . . . . It has supervisory jurisdiction over cases which arise within its circuit." La. Const. art. V, § 10(A).

La. C.Cr.P. art. 779 provides:

> A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
>
> B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.

The charge of contributing to the delinquency of juveniles is not triable by jury because the maximum fine for this offense does not exceed one thousand dollars and the maximum sentence does not exceed six months.[1] This Court thus lacks appellate jurisdiction over the conviction of this particular offense. Rather, jurisdiction is vested in the Appellate Division of the Criminal District Court. *See* La. Const. art. V, §10; La. C.Cr.P. art. 779; La. C.Cr.P. art. 912.1; *see also* La. R.S. 13:1337(A) (". . . . In all cases tried before the judges of the criminal district court in which an appeal does not lie to the supreme court [or court of appeal], an appeal

---

[1] La. R.S. 14:92(C) provides: "Whoever commits the crime of contributing to the delinquency of a juvenile shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."

shall lie on questions of law and fact to two or more of the judges of the criminal district court, as prescribed by said court."); *State v. Estem*, 19-0971, p. 2 (La. App. 4 Cir. 3/11/20), 364 So.3d 190, 192 (As defendant's charges were not triable by a jury, "this Court lacks appellate jurisdiction, which is vested in the Appellate Division of the Criminal District Court.") (citations omitted); *State v. Carroll*, 19-0928, p. 2 (La. App. 4 Cir. 1/15/20), 289 So.3d 636, 637 ("The appellant pled guilty to a misdemeanor not triable by jury . . . . That being the case, this Court lacks appellate jurisdiction . . . ."). Nevertheless, we treat the appeal of the misdemeanor conviction for contributing to the delinquency of juveniles as an application for supervisory writs and address the merits of the application. *See State v. Johnson*, 592 So.2d 818, 819 n. 1 (La. App. 5th Cir. 1991) (recognizing that "in the interest of judicial economy, an appeal improperly taken in a misdemeanor case may be treated as an application for supervisory writs, thereby enabling the reviewing court to rule on the merits of the application") (citing *Orleans v. Ballansaw*, 475 So.2d 768, 768 (La. 1985); *State v. Cologne,* 562 So.2d 24, 24 (La. App. 5th Cir. 1990)).

As noted above, proof of ownership is not an element of simple burglary or attempted theft.[2] Therefore, it was not necessary for the State to prove ownership of the vehicle that Defendant and his juvenile co-conspirators broke into and attempted to steal in order to convict Defendant of contributing to the delinquency of juveniles.

## CONCLUSION

---

[2] La. R.S. 14:92(A) defines contributing to the delinquency of juveniles as "the intentional enticing, aiding, soliciting, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen . . . to . . . [v]iolate any law of the state or ordinance of any parish or village, or town or city of the state."

For the foregoing reasons, we affirm Defendant's convictions and sentences.

**AFFIRMED**